IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA HASKINS                                                                              PLAINTIFF

V.                              NO. 09-5222

MICHAEL ASTRUE,
Commissioner of Social Security Administration                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Sheila Haskins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed her current applications for DIB and SSI on March 29, 2007, alleging an inability to work since March 15, 2007, due to Crohn's disease, heart and kidney failure, high cholesterol, and high blood pressure. (Tr. 50, 102-104, 123). An administrative hearing was held on November 20, 2008, at which Plaintiff, her husband, and a Vocational

Expert (VE) appeared and testified. (Tr. 47-58).

By written decision dated February 19, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 52). Specifically, the ALJ found Plaintiff had the following severe impairments: Crohn's disease and renal failure. However, after reviewing all of the evidence presented, he determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 52). The ALJ found Plaintiff had the residual functional capacity (RFC) to:

> lift and/or carry 10 pounds occasionally. She is able to reach and handle with the upper extremities occasionally and to finger continuously.

(Tr. 53). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a "credit authorizer (example: call out operator)." (Tr. 57).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 12, 2009. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6,7).

**II. Evidence Presented**

Plaintiff received a high school education, and worked full-time as a car-hop at Sonic from 1995 until 2007. (Tr. 23, 128). She thereafter began working on a part-time basis (15 hours a week). At the time of the hearing, she was still working at Sonic. (Tr. 23, 124).

The medical evidence during the relevant time period reflects the following. Plaintiff saw Dr. Kevin Richter, her family physician, at the Boston Mountain Rural Health Center, Inc.

(BMRHC) on March 15, 2007, complaining of nausea, vomiting, diarrhea, painful urination, urinary frequency, fever with abdominal pain and cramping, and lightheadedness. (Tr. 195). Dr. Richter assessed Plaintiff with a urinary tract infection and Crohn's disease. (Tr. 195). On March 17, 2007, blood tests taken from Medical Laboratories of Arkansas led Dr. Richter to direct Plaintiff to go to the Emergency Room "asap today" with a diagnosis of "Acute Renal Failure." (Tr. 203). Plaintiff was admitted to Washington Regional Medical Center on March 17, 2007, where she was seen by numerous physicians, who assessed Plaintiff with various conditions: acute renal failure secondary to dehydration; history of urinary tract infection; abdominal pain; respiratory distress; anemia; history of Crohn's disease; hypertension; low level positive troponin,[1] possibly secondary to acute renal failure; pyelonephritis;[2] and mild congestive heart failure, probably secondary to increased fluids. (Tr. 247, 251, 339). The discharge diagnosis on March 21, 2007 was: post infectious glomerulonephritis;[3] acute renal failure, resolved; shortness of breath; and hypertension. (Tr. 242).

On July 13, 2007, a Physical RFC Assessment was completed by a non-examining consultant, Dr. Ronald Crow. (Tr. 183-190). His primary diagnosis was "ARF Secondary to PSGN, resolved," and his secondary diagnosis was "Non-Ischemic cardiomyopathy D/T RF." He noted other alleged impairments of Crohn's disease and hypertension. (Tr. 183). Dr. Crow

---

[1]Troponin - A complex of globular muscle proteins of the I band that inhibits contraction by blocking the interaction of actin and myosin; when combined with Ca2+, it so modifies the position of the tropomyosin molecules that contraction takes place. Dorland's Illustrated Medical Dictionary 1998 (31st ed. 2007).

[2]Pyelonephritis - Inflammation of the kidney and renal pelvis because of bacterial infection; it begins in the interstitial tissues (interstitial nephritis) and rapidly extends to involve the tubules (tubulointerstitial nephritis), glomerul; (glomerulonephritis), and then the renal blood vessels. Id. at 1582

[3]See footnote 2.

found that Plaintiff could occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for a total of about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; and could push and/or pull in an unlimited fashion, other than as shown for lift and/or carry. (Tr. 184). No postural, manipulative, visual, communicative or environmental limitations were established, and Dr. Crow found that the medical records supported "light RFC." (Tr. 185-190).

On August 16, 2007, Dr. David A. Churchill of Northwest Arkansas Heart & Vascular saw Plaintiff for follow-up, stating that Plaintiff's "Crohn's disease is bothering her quite a bit now as well." (Tr. 362). His impression of Plaintiff was: history of rheumatic carditis with diminished LV function and cardiomyopathy, which was somewhat resolving, and Crohn's disease. (Tr. 362).

On October 22, 2007, Dr. Richter completed a Physical Medical Source Statement, wherein he found that Plaintiff could occasionally lift up to 10 pounds and frequently lift/carry smaller objects; occasionally reach and handle; and continuously finger. (Tr. 321-322).

Plaintiff reported that the longest job she had held was as a crew leader/car-hop at Sonic from 1995 to 2007. As a car-hop, she carried orders out, took orders, made drinks, put food in sacks, made ice cream, walked a lot and cleaned. (Tr. 124). The record contains letters from the general manager and supervising partner of Sonic, which indicated that Plaintiff had always been a very reliable employee, but that over the past two to four years, after being diagnosed with Crohn's disease, her work performance suffered. (Tr. 164-165). Plaintiff reported that with Crohn's disease, she suffered from persistent diarrhea with blood, abdominal cramps and pain, fever, and fatigue, and that with congestive heart failure, she suffered from high blood pressure,

fatigue, swelling, and weakness. (Tr. 130). She stated that her pain interfered with her sleep and that she had pain every day. (Tr. 130).

With respect to daily activities, on the days when she did not work, Plaintiff took her medications, ate breakfast, took a shower and cared for her daughter and husband. (Tr. 133-134). She had no problem with personal care and could drive and ride in the car to shop for groceries. She also watched television.

At the hearing, Plaintiff stated that she did not feel that she could work more than 15 hours a week because she was so fatigued and her back and stomach hurt. (Tr. 28). She stated that she had good and bad days, and on the bad days, she had several flare-ups with her Crohn's disease, which meant several bathroom trips. (Tr. 30). She stated that she had flare-ups two or three times a month, which was confirmed by her husband. (Tr. 30, 36). She also stated that she had to call in sick due to fatigue or other problems two or three times a month. (Tr. 31).

**III. Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schwieker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**IV. Discussion**

Of particular concern to the undersigned is the fact that the ALJ discredited Plaintiff's statements that she had flare-ups two or three times a month with her Crohn's disease, which was confirmed by her husband. There is nothing in the record to contradict such statements. Even though the medical records indicate that Plaintiff last saw her family physician, Dr. Richter, in October of 2007, she testified at the hearing that she had seen him in 2008. Plaintiff's attorney also stated that he could confirm that Plaintiff was still continuing treatment with Dr. Richter. However, it does not appear that any further medical records were provided to the ALJ to that effect. The ALJ stated that on April 24, 2007, Dr. John Hey noted that Plaintiff's occasional Crohn's flare-ups responded to Asacol. However, the ALJ failed to mention that on August 16, 2007, Dr. Churchill stated that Plaintiff's Crohn's disease was bothering her quite a bit.

An ALJ's determination concerning a claimant's residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). The Court finds it appropriate in this case to remand this matter to the ALJ in order for him to obtain a Physical RFC Assessment from Dr. Richter, and to ask Dr. Richter to address how often Plaintiff might be required to miss work and take restroom breaks in conjunction with her Crohn's disease. In the event the ALJ is unable to obtain this from Dr. Richter, he should obtain a Physical RFC Assessment, with supporting relevant information as suggested herein, from an examining physician. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC.

**V. Conclusion**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial

evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and the matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

    IT IS SO ORDERED  this 7th day od December, 2010.


                                                                      /s/ *Erin L. etser*
                                                                      HON. ERIN L. SETSER
                                                                      UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)